# EXHIBIT A

Patrice E. Brown #156811
ASPC-Eyman/Cook
P.O. Box 3200
Florence, AZ 85132
Representing Class, without a Lawyer



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Patrice E. Brown, Oliver M. Pryor, Major T. Kinney, Dennis A. Hipskind, John W. Heiden, Richard L. Jones, Sr., Ricky R. Evans, Jose L. Tarrazas, Ronnie H. Lynch, <br><br>Plaintiffs, <br><br>v. <br><br>Maricopa County Attorney's Office, Amanda M. Parker, B Noelle Jensen, Andrea L. Kever, Maricopa County, State of Arizona, Joseph Kreamer, Timothy J. Ryan, Christopher J. O'Neil, Renee T. Bennett, Gary J. Cohen, John R. Hannah, Jr., Jay R. Adleman, Michael C. Blair, <br><br>Defendants. | No. C 20223190 <br><br>Civil Complaint / Class Action <br>— Jury Trial Requested — <br>Malpractice in the Practice of Law As a Constitutional Tort in Violation of the Plaintiffs' Due Process Rights Under the Fourteenth Amendment and Art. 2 § 4 of the Arizona Constitution; for Cost and Attorney Fees in Relation thereto. <br>— CLASS ACTION — <br>Pursuant to Rule 23.(a)(1)(2)(3)(4) of the Arizona Rules of Civil Procedure. <br><br>CASEY F. McGINLEY |

Plaintiffs hereby submits this complaint/Class Action against Defendants and alleges the following:

1

## JURISDICTION and VENUE

1. Pima County Superior Court has the legal authority to hear and decide this case, because the value of this case exceeds $10,000 dollars.

## PARTIES

2. The Plaintiffs in this case are:

Patrice E. Brown, prison #156811; Oliver M. Pryor, prison #235926; Major T. Kinney, prison #052125; Dennis A. Hipskind, prison #250823; John W. Heiden, prison #137729; Richard L. Jones, Sr., prison #098358; Ricky R. Evans, prison #224982; Jose L. Tarrazas, prison #080573; Ronnie H. Lynch, prison #148342.

Mailing Address:

Arizona State Prison Complex Eyman Cook Unit, P.O. Box 3200
Florence, AZ 85132

3. The Defendants in this case are:

Maricopa County Attorney's Office, a law firm duly licensed to practice law in the State of Arizona (referred to herein as MCAO). MCAO is a partnership with each and every member thereof being financially and vicariously liable for the tortious conduct of Defendants Amanda M. Parker and Andrea L. Kever, herein complained of. The partners who comprise MCAO jointly and severally counseled, assisted and participated in the commission of the Constitutional Tort herein sued upon. MCAO operates under the auspices of Maricopa County, as well as the State of Arizona.

Amanda M. Parker; Andrea L. Kever; and B Noelle Jensen, are deputy County attorneys duly licensed to practice law in the State of Arizona subject to the regulatory and supervisory authority of the Arizona State Bar, applicable Rules

2

of the Supreme Court of the State of Arizona and specific provisions of the Arizona Revised Statutes (who herein after is refered to as Parker, Kever, and Jensen).

Maricopa County, the Board of Supervisors thereof, (hereinafter refered to as County) willfully, intentionally participated in and proximately cause the tortious conduct herein complained of by charging the Plaintiffs of being in violation of unconstitutional statutes, and neglecting to correct hundreds of unlawful processes.

State of Arizona, (refered to herein as State) was the plaintiff in those certain criminal actions entitled "State of Arizona v. Patrice Edmond Brown," case number: CR2000-002964; "State of Arizona v. Oliver Michael Pryor," case number: CR2006-2087; "State of Arizona v. Major Trence Kinney," case number: CR033165; "State of Arizona v. Dennis Alan Hipskind," case number: CR2007-008360; "State of Arizona v. John Wesley Heiden," case number: P1300CR970517; "State of Arizona v. Richard Lewis Jones," case number: CR1992-008919; "State of Arizona v. Ricky Rene Evans," case number: CR2007-108406; "State of Arizona v. Jose Luis Tarrazas," case number: CR2007-171066; and "State of Arizona v. Ronnie Howell Lynch," case number: CR1998-011390 (said actions having been filed in three Counties of Defendant State) wherein the Defendants therein are the Plaintiffs in this proceeding. The criminal actions, mentioned above, prosecuted by Defendant State were conducted in part by Defendant County. Defendant State had full and complete knowledge of the tortious conduct herein complained of, and further particapated therein by sustaining the unlawful restraint and confinement of the Plaintiffs in this case, in collusion with the other Defendants of this case.

Joseph Kreamer; Timothy J. Ryan; Christopher J. O'Neil; Renee T. Bennett; Gary J. Cohen; John R. Hannah, Jr.; Jay R. Adleman; and, Michael C. Blair, are

3

Judges of the Superior Court who presided over the Habeas Corpus proceedings filed by the Plaintiffs in this case. Each and every Judge mentioned herein was fully aware of the existence and preparation of the Constitutional Tort herein complained of and allowed the continued conduct herein sued upon with full knowledge thereof to the damage and injury of the Plaintiffs.

4. <u>Scope of Authority, Agency and Conspiracy</u>: Each of the Defendants herein named acted with the knowledge of the authority and conduct of each of the other Defendants. Each of the Defendants named acted within the scope of their respective authorities, with the approval and consent of each of the other Defendants. Each of the Defendants conspired with each of the other defendants to perpetrate the conduct herein complained of and such conduct was within the scope of the conspiracy to commit the Constitutional Tort herein complained of.

## STATEMENT OF FACTS AND BREACH

5. Plaintiffs allege that Defendants committed a common law Constitutional Tort in abridging their Fourteenth Amendment rights to **due process** in the prior Criminal Proceedings, and again violated their rights to due process, as guaranteed by the Fourteenth Amendment of the U.S. Constitution and Art. 2, § 4 of the Arizona Constitution, in the State Habeas Corpus proceedings and violated their Civil Rights as provided in 42 U.S.C. § 1983.

6. In commencing this action Plaintiffs rely partially upon their civil rights guarantee, as set forth in 42 U.S.C. § 1983, which reads in pertinent part, as follows:

"Every person who under color of any statute, ordinance,

4

regulation, custom or usage of any state..... Subjects, or causes to be subjected, any citizen of the United States..... to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law..... or other proper proceeding for redress."

7. Plaintiffs filed Petitions for Writs of Habeas Corpus Under A.R.S. §13-4132(1)(3) with the Clerk of Superior Court, raising Jurisdictional claims. Defendants colluded to sustain Plaintiffs' unlawful restraint and confinement; therefore, Defendants made arbitrary and erroneous decisions to dismiss Plaintiffs' Petitions pursuant to Rule 32's and Rule 33's timeliness and preclusion provisions; thus, sustaining Plaintiffs' unlawful restraint/confinement in violation of Plaintiffs' to Due Process Rights.

8. Defendants are liable because jurisdictional claims may be raised at any time and are not subject to timeliness, waiver or preclusion, and erroneous decision by judge is violation, by State, of Plaintiffs' right under 14th Amendment.

### APPLICABLE LAW SUPPORTING CLAIMS

(9.) Defendants State and MCAO, falsely imprisoned Plaintiffs in violation of Plaintiffs' Civil Rights as guaranteed by 42 U.S.C. § 1983.

(10.) All Defendants colluded, and did sustain Plaintiffs' unlawful restraint and confinement in violation of Plaintiffs' Rights to Due Process as guaranteed by the Fourteenth Amendment of the U.S. Constitution and Art 2, §4 of the Arizona Constitution.

(11.) All Defendants conspired, and did deprive Plaintiffs of rights secured by the Constitutions of both the United States and the State of Arizona in violation of Plaintiffs' Civil Rights as guaranteed in 42 U.S.C. § 1983.

5

12. <u>Absence of Defendants Immunity</u>: Plaintiffs are informed and believe that there is no law in the State of Arizona that provides immunity of any type whatsoever to defendants herein named for the conduct complained of in this Complaint.

13. <u>Injuries</u>: As a result of the Defendants' conduct complained of herein, and as a direct and proximate result thereof, the Plaintiffs have been injured in the sum of Five Hundred Eighty Million Dollars ($580,000,000), as more particularly alleged herein above, and the conduct of the Plaintiffs was sincere and that of laymen without any specialized legal knowledge, making Plaintiffs soley dependant upon the independence, integrity, fairness, impartiality, and propriety of the judiciary and members of the legal profession, a situation well known to all the Defendants. Defendants, on the other hand, in perpetrating and/or allowing the perpetration of the conduct complained of herein were grossly negligent, with full and complete facts of the allegations herein complained, that such conduct was tantamount to wanton and malicious acts, that Plaintiffs ask this Court to assess punitive, compensatory, and exemplary Damages against the Defendants and each of them an additional amount of Five Hundred Eighty Million Dollars ($580,000,000).

It is the intent of Plaintiffs, who has filed this Action as a Class, to obtain legal counsel, and as a result thereof, will incur legal fees and expenses, which Plaintiffs request be awarded hereunder.

14. <u>Jury Trial</u>: Plaintiffs request that this matter be set for and tried before a jury at the time of trial.

15. <u>State Action</u>: The conduct of Defendants and each of them herein complained of constituted "State Action" within the meaning of 42 U.S.C. § 1983.

**16.** <u>Class Action</u>: This Complaint is filed as a Class Action pursuant to Rule 23(a) of the Arizona Rules of Civil Procedure, and Plaintiff Patrice E. Brown has been selected, by all other Plaintiffs, as Class Representative.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants, and each of them for the following dollars, interest, cost and expenses incurred herein, or nonmonetary remedy, including reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

1. $580,000,000: Injuries.
2. $580,000,000: Punitive, Compensatory and Exemplary Damages.
3. Unconditional release from restraint/confinement: Nonmonetary Remedy.
4. Attorneys Fees and Cost
5. Such other and further relief as to the Court seems just and proper in the premises.

Dated this 5-14-22
(Date of Signatures)

/S/ Patrice E. Brown #156811      /S/ Jose L. Terrazas #080573
/S/ O.M. Pryor #235926            /S/ [illegible] Wipshire #250833
/S/ Major Kinny #052125           /S/ Richard L. Jones #098355
/S/ Ruby Evans #224982            /S/ [signature] #148342
/S/ John W. Heider #137729

7